NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 15-3437

———————

In re:  ROBERT ERIC HALL,

Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-06-mc-00227)
District Judge: Honorable Petrese B. Tucker

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
February 29, 2016

Before:  SMITH, HARDIMAN, and SLOVITER, *Circuit Judges*.

(Filed: March 3, 2016)

———————

OPINION[*]

———————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Robert Eric Hall, a member of the bar of the Commonwealth of Pennsylvania, appeals from an order of the United States District Court for the Eastern District of Pennsylvania denying his petition for reinstatement to the bar of that Court. We will affirm.

I

In June 2006, Hall pleaded guilty to homicide by vehicle and driving under the influence. The prior November, Hall drove his car while intoxicated and crashed into an oncoming car, killing the driver, Anthony Severo—a 22-year-old West Point cadet—and seriously injuring Hall's passenger. In August 2006, Hall was sentenced to a term of six to twelve years' imprisonment and ordered to pay $72,511.50 in fines and restitution to compensate the Severo family for the cost of Anthony's funeral and burial.

A little over a year later, Hall filed a pro se petition for collateral relief in the Court of Common Pleas pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), alleging that the judge was motivated by personal animus, bias, and/or ill will when sentencing him. He also alleged that the PCRA waiver that was part of his guilty plea was invalid because his counsel was incompetent and had urged Hall to plead guilty even though he received no tangible benefit. In March 2008, Hall filed an amended PCRA petition and again criticized the sentencing judge and his prior counsel. The PCRA petition was denied, as was his appeal.

2

Hall was released from prison in June 2012, and his parole is scheduled to end in June 2018. His driver's license is suspended until December 2018. After his release, Hall met with a case management officer and created a payment schedule of approximately $150 a month for his fine and restitution obligations. Thus far, he has paid only a small portion of the $72,511.50.

After his release from prison, Hall began working as a paralegal for a law firm, doing primarily legal research and writing. He has remained current on legal developments and earned more than the required CLE credits. He also opened a bicycle shop with his wife, which they currently run. Hall testified at his reinstatement hearing that he has not consumed any alcohol since the day of the accident in November 2005. He attends Alcoholics Anonymous meetings at least once a week, regularly speaks at Mothers Against Drunk Driving events, and participates in the Lehigh Valley and Bucks County DUI programs.

Because of Hall's conviction, the Pennsylvania Supreme Court disbarred him on consent in November 2006. In October 2013, Hall petitioned for reinstatement in Pennsylvania. A Hearing Committee of the Supreme Court's Disciplinary Board conducted a reinstatement hearing, during which Hall testified and presented testimony from 12 witnesses. The Committee recommended reinstatement, which the Office of Disciplinary Counsel did not oppose. In March 2015, the Supreme Court accepted the Board's recommendation and reinstated Hall to the Pennsylvania bar. In addition to

running the bicycle shop, Hall now has a solo law practice. He has 20 to 25 clients and concentrates his practice on insurance and civil rights matters.

At the time of his incarceration, Hall was a member of the Pennsylvania and New Jersey bars, the federal courts in both states, and the Court of Appeals for the Third Circuit. Hall testified before the Hearing Committee that he had notified all these courts of his disbarment. Before the District Court, however, Hall testified that he did not know which other bars were notified, since he was incarcerated and relied on his then-counsel to notify the courts. The District Court for the Eastern District of Pennsylvania received notice, but the other federal courts did not.

In April 2015, Hall filed a petition for reinstatement to the bar of the District Court for the Eastern District of Pennsylvania. Chief Judge Tucker assigned the matter to a Committee of the District Court comprised of Judges Padova, Diamond, and Sanchez, and a hearing was held in June 2015. Hall was represented by counsel and testified at the hearing, as did his wife and a friend. Each witness focused on Hall's efforts to combat drunk driving. Hall spoke about his alcoholism and expressed remorse about Severo's death. The judges also admitted the testimony of the witnesses Hall called during his Pennsylvania reinstatement hearing, which highlighted Hall's sobriety and his efforts against drunk driving. Hall explained that he would like to be readmitted to the Eastern District because his current practice involves insurance cases that may find their way to federal court. He also testified that the Court is personally significant to him because he

4

interned for Judge Newcomer during law school, and he tried his first case before Judge Katz.

On July 13, 2015, the judges recommended that Hall's petition for reinstatement be dismissed. While they commended Hall for his efforts since his release from prison, they found that his reinstatement request was not supported by clear and convincing evidence. In recommending against Hall's reinstatement, the judges considered "the serious nature of his crime, . . . the short period that has elapsed since [his] release, the pendency of Hall's parole, his outstanding fine and restitution, [and] his failure to notify other courts of his 2006 disbarment." App. 16. They also considered an ongoing dispute between Hall and the IRS over his 2005 taxes. Hall filed objections to this recommendation on July 21, 2015. On September 17, 2015, Chief Judge Tucker overruled Hall's objections, approved and adopted the judges' report and recommendation, and issued an order dismissing Hall's petition for reinstatement. This timely appeal followed.

II

"The District Court has the inherent authority to set requirements for admission to its bar and to discipline attorneys who appear before it." *In re Surrick*, 338 F.3d 224, 229 (3d Cir. 2003). We have appellate jurisdiction under 28 U.S.C. § 1291. "We review district courts' decisions regarding the regulation of attorneys who appear before them for abuse of discretion." *In re Surrick*, 338 F.3d at 229. Our review of the District Court's legal determinations is plenary. *Id.*

5

## III

To be reinstated, Hall needed to demonstrate by clear and convincing evidence that he "has the moral qualifications, competency and learning in the law required for admission to practice law before this court and that [his] resumption of the practice of law will not be detrimental to the integrity and standing of the bar or to the administration of justice, or subversive of the public interest." E.D. Pa. Civ. R. 83.6 (VII(C)). The District Court has broad discretion to determine whether this standard has been met.

Hall makes a number of arguments on appeal. First, he claims the District Court erred in not properly crediting the character testimony he offered. The District Court made it clear, however, that it had considered this testimony. It noted that Hall, his wife, and a friend testified before the District Court Committee and they all "underscored Hall's considerable efforts to combat drunk driving." App. 12. Moreover, the Committee admitted the testimony of the witnesses called during Hall's Pennsylvania reinstatement hearing: "These witnesses—especially the representative of Mothers Against Drunk Driving and the Lehigh County Drunk Driving Program coordinator—underscored Hall's sobriety and his efforts against drunk driving." App. 13.[1]

---

[1] Hall also argues that his conduct was not so egregious that he should never be reinstated. App. Br. 58 (citing *Office of Disciplinary Counsel v. Keller*, 506 A.2d 872 (Pa. 1986)). However, the District Court did not hold, or even suggest, that Hall could never be reinstated to its bar.

Second, Hall contends that the District Court erred in not properly crediting the evidence of his significant reform. To the contrary, the District Court acknowledged Hall's rehabilitative efforts: "We recognize that Hall has made efforts to reform and establish a life different from the one he led before 2005. He is an active AA member, and has worked hard to publicize the evils of drunk driving." App. 14. The Court also stated: "We commend Hall's efforts since his 2012 release from prison." App. 16. Nevertheless, the District Court found that a number of factors weighed against his reinstatement, including the serious nature of his crime, the short period of time that has elapsed since his release from prison, and the pendency of his parole.

Third, Hall argues the District Court did not properly credit the Pennsylvania Supreme Court's order reinstating him to the Pennsylvania bar. Here again, the Court recognized that Pennsylvania had reinstated Hall and even quoted the state Disciplinary Board's finding that Hall "expressed deep and genuine remorse," and "recognizes the need to make amends and has done so at every opportunity." App. 11. Although the District Court was well aware of Pennsylvania's reinstatement of Hall, it was not bound by it. *See Theard v. United States*, 354 U.S. 278, 281 (1957) ("The two judicial systems of courts, the state judicatures and the federal judiciary, have autonomous control over the conduct of their officers, among whom, in the present context, lawyers are included."); *Surrick v. Killion*, 449 F.3d 520, 529 (3d Cir. 2006) ("[A]dmission to practice law before

7

a state's courts and admission to practice before the federal courts in that state are separate, independent privileges.").

Fourth, Hall claims the District Court erred by suggesting that his parole needed to be completed before being reinstated. While Hall correctly notes that there is no requirement that he complete parole before being reinstated, the District Court was well within its discretion to consider this as a factor. In doing so, it explained that "[i]t is difficult to see how Hall, who so pointlessly and selfishly took a life, has demonstrated with clear and convincing evidence that he is morally fit to resume the practice of law in our Court, without at least completing his sentence." App. 14. We find no error in the Court's consideration of Hall's pending parole in making its decision.

Fifth, Hall argues the District Court erred in suggesting that he did not properly acknowledge his guilt or accept responsibility for his misconduct. Although the record demonstrates occasions when Hall has accepted full responsibility for his crimes, the District Court also cited other times when such acceptance was less than clear, most notably Hall's PCRA challenge. It was certainly Hall's right to challenge his prosecution and sentence, yet the District Court found that challenge to be at odds with Hall's argument that he has always acknowledged his guilt, the seriousness of his crimes, and the appropriateness of his sentence. As a result, the District Court explained that it was "unable to determine if Hall's profusions of remorse and contrition are sincere or simply a

8

means to the end he presently seeks—reinstatement." App. 16. This consideration was not an abuse of discretion.

Sixth, Hall claims the District Court erred in suggesting that reinstatement should be denied because he had failed to pay all of his fines and costs, especially since he has been following a repayment plan. As one of several factors it considered, the District Court noted that Hall still owes most of the fine and restitution imposed as part of his sentence. The District Court was free to consider such evidence in making its determination and did not abuse its discretion in doing so.

Finally, Hall contends the District Court erred in suggesting that his dispute with the IRS over taxes owed in 2005 should prevent his reinstatement. Hall was the subject of two collection actions for taxes that accrued while he was in prison, and the IRS is apparently disputing some $58,000 in deductions Hall took before his incarceration. Hall's dispute with the IRS was but one of several factors influencing the District Court's decision.

Although Hall appears to have taken many positive steps since the tragic events of 2005, we find no legal error or abuse of discretion by the District Court. Accordingly, we will affirm.